## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DOROTHY L. WEST,

    Plaintiff,

    v.

Yoonie Smile, LLC, *et al.,*

    Defendants.

Civil Action No.:  8:25-cv-04011-PX

### MEMORANDUM ORDER

Pending is the Motion to Dismiss the Amended Complaint filed by Defendants Yoonie Smile, LLC, Sungoil Yoon, Bryan L. Nguyen, and Tina Ojeda.  ECF No. 19.  Also pending is Plaintiff Dorthy L. West ("West")'s Motions to Seal at ECF Nos. 22 and 23 and Motion to Appoint Counsel at ECF No. 27.  The motions are fully briefed, and no hearing is necessary.  *See* Loc. R. 105.6.  For the following reasons, the motion to dismiss is granted, the motions to seal are granted in part, and the motion to appoint counsel is denied as moot.

On December 8, 2025, West filed suit against the Defendants.  ECF No. 1.  In response, the Defendants moved to dismiss the original complaint, and West, in turn, amended her complaint.  ECF Nos. 11 & 15.  At base, the suit sounds in dental malpractice and other associated wrongs.  ECF No. 15 at 7; ECF No. 15-1.  The Amended Complaint also alleges a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and "unauthorized bank transactions."  ECF No. 15 at 4.  Defendants now move to dismiss the claims on jurisdictional and sufficiency grounds.  ECF No. 19.

The Court construes, as it must, the Amended Complaint facts as true and most favorably to West.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  Because West proceeds pro se, the Court gives the pleading an especially charitable reading so that all potentially viable claims

1

will proceed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a *pro se* complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

Defendants first contend the Court lacks jurisdiction to hear the case. The Amended Complaint avers that this Court retains federal question jurisdiction. ECF No. 15 at 4. Because West alleges a violation of the Health Insurance Portability Act ("HIPAA"), 29 U.S.C. § 1181, the Court plainly may exercise federal question jurisdiction. *See* 28 U.S.C. § 1331 (permitting suit in federal court for violations of federal statute). That said, HIPAA does not provide a private cause of action. Rather, the statute confers enforcement authority on the Secretary of the Department of Health and Human Services. *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021) (collecting cases). Thus, West, a private litigant, cannot proceed with this claim, and it must be dismissed with prejudice.

The remaining causes of action sound in medical malpractice which are quintessentially state common law claims. The Court declines to exercise supplemental jurisdiction over the claims. *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726-727 (1966)). Thus, they are dismissed without prejudice so that West can proceed in state court if she chooses. West is forewarned, however, that if she wishes to proceed in state court, she must first exhaust her administrative remedies by filing a claim with the Maryland Director of the Health Claims Alternative Dispute Resolution Office ("HCADRO")." Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01, *et seq. See also Roberts v. Suburban Hosp. Assoc., Inc.*, 73 Md. App. 1, 3 (1987). Once West provides such notice, she must also file with HCADRO a "Certificate of Qualified Expert" and an accompanying expert report explaining how the defendant health care provider fell below the applicable standard of care,

2

harming West in turn.  *See* Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04(b)(1)(i)(1).  Failure to comply with these requirements will result in the state court dismissing her claim.  *Lewis v. Waletzky*, 422 Md. 647, 650–51 (2011) (citing *Kearney v. Berger*, 416 Md. 628, 668–69 (2010)).

As for West's motions to seal, ECF Nos. 22 & 23, West urges the Court to keep her medical records out of public view.  Although the public enjoys a presumptive right of access to Court records, the presumption may be rebutted upon a showing of countervailing interests in shielding private and protected information.  *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).  *See also Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

The Court recognizes that sensitive health information enjoys such protection.  *See Rock v. McHugh*, 819 F. Supp. 2d 456, 475–76 (D. Md. 2011).  Thus, the Court will direct the sealing of those pages that include West's medical records.  *See* ECF No. 21-2 at 1-10, 14-17.  The remaining pages of ECF No. 21-1 will be unsealed as they include no private or protected health information.  The Court also grants the motion to seal ECF No. 24 because the lion's share of the filing includes protected health information such that redaction is difficult if not impossible.

For the reasons stated above, and on this 29th day of May 2026, the United States District Court for the District of Maryland, hereby ORDERS that:

1. The Motion to Dismiss the original Complaint at ECF No. 11 is **DENIED as MOOT**;

2. The Motion to Dismiss the Amended Complaint at ECF No. 19 is **GRANTED**;

3. Plaintiff Dorthy L. West's Amended Complaint is **DISMISSED** as follows:

   a. The federal claim is **DISMISSED WITH PREJUDICE**; and

   b. The state law claims are **DISMISSED WITHOUT PREJUDICE**;

4. The Motion to Seal at ECF No. 22 is **GRANTED IN PART** and **DENIED IN PART**; The Clerk is **DIRECTED** to place on the public docket a redacted version of the exhibit and

3

redact pages 1-10 and 14-17 only; the Clerk is further **DIRECTED** to **REDACT** ECF No. 1-3, pages 2–3, 9–12, 14–15;

5.    The Motion to Seal at ECF No. 23 is **GRANTED**; ECF No. 24 shall REMAIN under seal;

6.    The Clerk shall **MAIL** a copy of this Order to West and **TRANSMIT** via ECF to Defendants; and

7.    The Clerk shall **CLOSE** this case.

Dated: May 29, 2026                                          /s/
                                                    Paula Xinis
                                                    United States District Judge